|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |

| DON KING PRODUCTIONS, INC., | |
|---|---|
| Plaintiff, | Civ. No. 06-2026 (JAF) |
| v. | |
| RAFAEL PANCORBO MARTINEZ, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Don King Productions, Inc. (DKP) filed this action against Defendants Rafael Pancorbo Martínez, his wife, and their conjugal partnership d/b/a Hotel & Restaurant La Pared Seafood; Carlos Rosado Santana, his wife Elsa I. Cintrón De Jesús, and their conjugal partnership d/b/a La Jamaca Restaurant & Catering; José Asencio García, his wife, and their conjugal partnership d/b/a Restaurant Reef Pop; Ismael Ramos Flores, his wife, and their conjugal partnership d/b/a la Casita Seafood Restaurant; Angel S. Toro Pérez, his wife, and their conjugal partnership d/b/a Negocio Gole; David Cordero, his wife, and their conjugal partnership d/b/a Los Balcones Restaurant & Sports Bar; Henry Pancorbo, his wife, and their conjugal partnership d/b/a Hotel Villa Parguera & Restaurant; Freddy Lugo, his wife, and their conjugal partnership d/b/a El Bohique Barra y Salón Billar; Guadalupe Ocasio Rodríguez, her husband, and their conjugal partnership d/b/a El Campesino; Wito

Martell, his wife, and their conjugal partnership d/b/a La Nueva Pinchera Martell; and Manuel Galarza, his wife, and their conjugal partnership d/b/a Don Paco Café, on October 10, 2006. Docket Document No. 1-1. The lawsuit alleges that Defendants violated the Federal Communications Act of 1934, 47 U.S.C. § 605 (2002 & Supp. 2007), and the Cable Communications Policy Act of 1984, 47 U.S.C. § 553 (2002 & Supp. 2007), when they illegally and without authorization intercepted, received, or otherwise assisted in the unauthorized interception of receipt of the November 13, 2004, closed-circuit telecast of a boxing event of which DKP was the producer and copyright holder ("the event").

When Defendant Henry Pancorbo Ortiz, his wife, and their conjugal partnership d/b/a Hotel Villa Parguera & Restaurant (hereinafter collectively referred to as "Pancorbo Ortiz") failed to respond to the complaint, Plaintiff requested, on February 19, 2007, that this court enter a default judgment in its favor. Docket Document No. 56. On February 27, 2007, we entered the requested default judgment. Docket Document No. 57.

On March 12, 2007, Pancorbo Ortiz moved to have both the default judgment and the entire underlying action against him dismissed under Rules 12(b)(2) and 12(b)(4) of the Federal Rules of Civil Procedure, arguing that this court lacks personal jurisdiction over him because Plaintiff has never successfully served him with process. Docket Document No. 59-1; Fed. R. Civ. P. 12(b)(2) (establishing motion to

Civil No. 06-2026 (JAF)                                                              -3-

1   dismiss for lack of jurisdiction over the person; FED. R. CIV.
2   P. 12(b)(4) (establishing motion to dismiss for insufficiency of
3   process).  Plaintiff opposed the motion on April 2, 2007, Docket
4   Document No. 62-1, and Pancorbo Ortiz replied on April 5, 2007.
5   Docket Document No. 64-2.
6        Pancorbo Ortiz argues that Rule 4(m) of the Federal Rules of
7   Civil Procedure requires Plaintiff to serve him with process within
8   120 days of the filing of the complaint.  Docket Document No. 59-1.
9   He points out that well over 120 days have by now passed from the
10  original filing of the instant litigation, and suggests that he is,
11  therefore, entitled to the dismissal of this action that he seeks.
12  Id.
13       Plaintiff responds by asserting that it *has* in fact served
14  process on Pancorbo Ortiz, and submits to this court an affidavit
15  from process server Carlos Santana swearing that

16               [o]n October 29, 2006 at approximately 6:15pm I
17               personally appeared at Hotel Villa Parguera,
18               located at Lajas, Puerto Rico to serve process
19               upon defendants, including Henry Pancorbo. . . .
20               I personally served the summons and a copy of
21               the complaint to a man who identified himself as
22               Henry Pancorbo Martinez . . . . This man was
23               approximately 68 years old, 5'8", weighted [sic]
24               approximately 165 pounds.

25  Docket Document No. 62-4.
26       Pancorbo Ortiz counters that the affidavit submitted by
27  Plaintiff only proves his point that he was never served.  Docket
28  Document No. 64-2.  For starters, he says that his name is Pancorbo

Ortiz and so Santana's statement that he served someone named Pancorbo Martínez is unavailing to show proof of service. Id. Furthermore, Pancorbo Ortiz points out that the physical descriptors Santana uses to describe the man he served process on do not jibe with the fact that Pancorbo Ortiz' driver's license shows that he is 5'5" tall and weighs 145 pounds. Id. There are some other parts of Santana's testimony that Pancorbo Ortiz attacks in making his case, but we will stop cataloguing them here because we ultimately find them irrelevant to our resolution of this dispute.

The complete text of Rule 4(m) of the Federal Rules of Civil Procedure states that

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period*.

FED. R. CIV. P. 4(m)(Emphasis added). Reading the parties' filings pertaining to this dispute, and taking them at their word, it is clear that Plaintiff believed that Santana had effected proper service of process on Pancorbo Ortiz on October 29, 2006, when in fact he had only served process on some mystery person at Pancorbo Ortiz' place of business who inexplicably chose not to inform Santana of the error. Rather than punish Plaintiff for the mixup, we instead

Civil No. 06-2026 (JAF)                                                      -5-

choose to vacate the default judgment we entered against Pancorbo Ortiz, Docket Document No. 57, which he certainly did not deserve, having never been properly served, and hereby **ORDER** Plaintiff to effectuate service of process against Pancorbo Ortiz as legally required **within the next thirty (30) days.** If Plaintiff fails to achieve this in the next thirty days without good cause, Pancorbo Ortiz should renew his request to have this action dismissed against him. Until that time, we see no need to take more drastic measures.

For the foregoing reasons, we **deny** Pancorbo Ortiz' motion to dismiss under Rules 12(b)(2) and 12(b)(4) of the Federal Rules of Civil Procedure. Docket Document No. 59-1.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of July, 2007.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        U. S. District Judge